UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVETTE VIERRA,

      Plaintiff,
v.   Case No. 8:10-cv-02267-T-33EAJ

SAGE DINING SERVICES, INC.,

      Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Sage Dining Services, Inc.'s Motion to Dismiss Complaint (Doc. # 3), filed on October 12, 2010. On October 15, 2010, Plaintiff Ivette Vierra filed her response in opposition to the Motion to Dismiss. (Doc. # 8). Upon due consideration, the Court grants Defendant's Motion to Dismiss as it pertains to Count I with leave to amend and denies Defendant's Motion as it pertains to Count II of Plaintiff's Complaint.

**I.**   **The Complaint**

Ms. Vierra asserts that she was an employee of Sage Dining Services for all times relevant to the Complaint. (Doc. # 2 at ¶ 3). Sage Dining Services is a foreign, for-profit corporation that conducts business in, among others, Hillsborough County, Florida. (Id. at ¶ 2). Ms. Vierra performed activities for Sage Dining Services in Hillsborough

County, for which she was paid on an hourly basis. (Id. at ¶ 1). Such activities included performing laundry duties and running errands after normal work hours for the benefit of Sage Dining Services. (Id. at ¶ 12).

Ms. Vierra asserts that she was not compensated for approximately 80 to 100 overtime hours per year for the past two years. (Id. at ¶ 9 & Exh. A). In addition, Ms. Vierra asserts that her immediate supervisor, Chuck Casamasima, would routinely "clock out" Ms. Vierra and similarly situated employees while the employees were still working and before their shifts ended. (Id. at ¶ 12). Mr. Casamasima would also "clock out" Ms. Vierra at arbitrary times while she was working concessions or special events. (Id.).

Ms. Vierra asserts that on August 31, 2010, she sent Sage Dining Services a letter setting forth her allegations against the company. (Id. at Exh. A). In the letter, Ms. Vierra requested payment for the hours for which she was not compensated. (Id.). Ms. Vierra calculated that she is owed approximately $4,864 based upon 80 hours of overtime for the past two years at an overtime rate of $15.20 per hour. (Id.). Ms. Vierra contends that she did not receive a response to her letter. (Doc. # 2 at ¶ 10).

Thus, on October 12, 2010, Ms. Vierra filed a Complaint

2

in this Court against Sage Dining Services. (Doc. # 2). The Complaint contains two counts as follows: (I) recovery of minimum and unpaid wages compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and (II) retaliation in violation of 29 U.S.C. § 215(a)(3). Sage Dining Services filed the instant Motion to Dismiss seeking to dismiss Ms. Vierra's claims for failure to state a claim upon which relief may be granted.

**II.   Legal Standard - Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

    **A.  Count I: Recovery of Minimum and Unpaid Wages Compensation**

Sage Dining Services argues that the Complaint's allegations are conclusory and devoid of facts sufficient to state a claim under the Fair Labor Standards Act. Specifically, Sage Dining Services contends that Ms. Vierra failed to provide information about the type of work she performed, how often she worked, and how much money she is owed. In addition, Sage Dining Services contends that Ms. Vierra did not allege specific dates of her employment and the date of her termination. Finally, Sage Dining Services asserts that Ms. Vierra states legal conclusions regarding the definition of "enterprise" but fails to show that Sage Dining Services is an employer covered by FLSA. Each assertion will be discussed below.

To establish a prima facie case for failure to pay

4

overtime wages under FLSA, an employee must demonstrate "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." Anish v. Nat'l Sec. Corp., 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010)(citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)).

Ms. Vierra alleged that, at all times relevant to the Complaint, Sage Dining Services was her employer as defined by 29 U.S.C. § 203(d). (Doc. # 2 at ¶ 3). In addition, Ms. Vierra alleged that for the two years prior to the filing of the Complaint she worked between 80 and 100 overtime hours per year for which she was not compensated. (Id. at ¶ 9 & Exh. A). Ms. Vierra also alleged that during the overtime hours she performed laundry duties and ran errands for the benefit of Sage Dining Services. (Id. at ¶ 12).

Finally, Ms. Vierra alleged that Sage Dining Services was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). (Id. at ¶ 6). In addition, Ms. Vierra alleged that she had individual coverage under the FLSA. "For individual coverage to apply, 'a plaintiff must show that he or she is (1) engaged in commerce or (2) engaged in the production of goods for commerce.'" Roberts v. Caballero &

5

Castellanos, PL, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (quoting Rodriquez v. Diego's Restaurant, Inc., 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009)). Ms. Vierra did not assert that while performing her duties and responsibilities at Sage Dining Services she engaged in commerce or in the production of goods for commerce.

Although "bare bone allegations are acceptable for 'enterprise' coverage," this Court finds that Ms. Vierra's allegations are insufficient. Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008). FLSA protects an employee only if the employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." Id. at *1. In addition, "[b]ecause enterprise coverage embraces virtually every business whose annual gross volume of sales or business is $500,000 or more, 'the most salient element of an "enterprise" allegation will be the amount of business a defendant does.'" Id. (quoting Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004)). Ms. Vierra failed to allege that it is her belief that Sage Dining Services grossed an annual volume of at least $500,000.

As for Ms. Vierra's claim for minimum wages, this Court finds that the allegations in the Complaint are insufficiently

6

pled. Ms. Vierra asserts that she was compensated at an hourly rate of $10.45 per hour. (Doc. # 2 at ¶ 9). She alleges that her supervisor, Chuck Casamasima, would routinely clock her out on Friday afternoons and at concessions and special events even though Ms. Vierra was still working. (Id. at ¶ 12). However, Ms. Vierra did not allege how many hours she worked for which she did not receive minimum wages. Nor did she allege what duties she performed during regular hours. Moreover, it is important to note that "'it is the workweek as a whole rather than each individual hour within a workweek that is the relevant unit for determining compliance with the minimum wage requirement.'" Steiner-Out v. Lone Palm Golf Club, LLC, 2010 WL 4366299, at *2 (M.D. Fla. Oct. 28, 2010)(quoting Walters v. American Coach Lines of Miami, Inc., 569 F. Supp. 2d 1270, 1300 (S.D. Fla. 2008)).

For the reasons stated above, Count I of Ms. Vierra's Complaint is dismissed without prejudice. Ms. Vierra may amend Count I on or before December 7, 2010.

### B. Count II: Retaliation

"The FLSA protects individuals from retaliation for asserting their rights under the statute by making it unlawful for an employer 'to discharge or in any other manner discriminate against any employee because such employee has

7

filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding....'" Wigley v. Western Florida Lighting Inc., 2005 WL 3312319, at *4 (M.D. Fla. Dec. 7, 2005)(quoting 29 U.S.C. § 215(a)(3)). "To prove retaliation under the FLSA, a plaintiff must show that: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's protected activity and the adverse employment action." Id. (citing Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000)).

Sage Dining Services asserts that Ms. Vierra's claim for retaliation must fail because she did not allege the date on which she was fired; thus, making it impossible for Sage Dining Services to know if the letter by Ms. Vierra, complaining about the Sage Dining Services' FLSA violation, was sent before or after she was fired. (See Doc. # 2 at Exh. A). This is the type of information that Sage Dining Services should have within its control. Nevertheless, Ms. Vierra did allege in the Complaint that she was retaliated against after complaining to her supervisor. (Doc. # 2 at ¶ 17).

Finally, Sage Dining Services asserts that an FLSA claim

for retaliation requires a plaintiff to file a complaint or institute a proceeding, testify in a proceeding, or serve on an industry committee. (Id.). According to Sage Dining Services, Ms. Vierra did not allege any of the foregoing. (Id.). This Court disagrees with Sage Dining Services' contention. In Wigley, the court held that "[i]nformal complaints to an employer regarding wage practices or any conduct that implicates the FLSA qualify as protected activity." Wigley, 2005 WL 3312319, at *4 (citing EEOC v. White & Sons Enters., 881 F.2d 1006, 1011 (11th Cir. 1989)). Ms. Vierra's informal complaint to her supervisor constitutes a protected activity under FLSA's retaliation provision.

For the reasons stated above, this Court denies Sage Dining Services Motion to Dismiss Count II of Ms. Vierra's Complaint.

## IV. Conclusion

The Court has reviewed the sufficiency of the Complaint against the arguments in the Motion to Dismiss and determines that the Motion to Dismiss Complaint is granted as it pertains to Count I with leave to amend and denied as it pertains to Count II.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

9

(1) Defendant's Motion to Dismiss Complaint (Doc. # 3) is **GRANTED** as to Count I with leave to amend and **DENIED** as to Count II.

(2) Plaintiff is granted leave to amend Count I of the Complaint on or before December 7, 2010.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of November, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record